FILED
September 05, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LATRICE RENE JACKSON** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:23-CV-230 |
| | § | |
| **TIMOTHY TYE** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

COMES NOW, LATRICE RENE JACKSON ("Plaintiff") and files this Plaintiff's First Amended Original Petition against Defendant TIMOTHY TYE ("Defendant"), and would respectfully show this Honorable Court the following:

### I.    DISCOVERY CONTROL PLAN

1.1    Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff files this petition under a Level 3 Discovery Control Plan.

### II.    PARTIES

2.1    Plaintiff Latrice Rene Jackson is an individual residing in Bexar County, Texas.

2.2    Defendant Timothy Tye has answered and appeared herein.

2.3    On information and belief, Defendant TSI Global Companies LLC (hereinafter "TSI") is a foreign for-profit Limited Liability Company doing business in the State of Texas and may be served with process by serving its registered agent at: **Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Ste. 620, Austin, Texas 78701.**

### III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction over this action under 28 U.S.C. § 1441.

3.2 Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the actions or omissions giving rise to Plaintiff's allegations occurred in the Western District of Texas. Venue is proper in the San Antonio Division because all or a substantial part of the events or omissions giving rise to this cause of action took place at or near San Antonio, Texas.

3.3 The Court has subject matter jurisdiction in this case because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of this Court as Plaintiff seeks monetary relief over one Million Dollars ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

### IV. FACTUAL BACKGROUND

4.1 According to the Texas Peace Officer's Crash Report, on July 12, 2022, at approximately 7:15a.m., Plaintiff, was travelling North Bound on Interstate Highway 10 West access road, in San Antonio, Bexar County, Texas, and Defendant was travelling West Bound on Huebner Road at a high rate of speed. Suddenly and without warning Defendant violently struck Plaintiff on the front end causing her airbags to deploy, leaving her unconscious. Plaintiff was transported by EMS to University Hospital. As a proximate result of the aforementioned collision, Plaintiff was caused to suffer serious and permanent injuries and damages as hereinafter described.

### V. CAUSES OF ACTION AGAINST TIMOTHY TYE

A. NEGLIGENCE AND NEGLIGENCE PER SE

5.1 At the time and on the occasion in question, Defendant Tye committed acts and omissions, which collectively and separately constituted negligence. Defendant Tye had a duty to

exercise ordinary care, meaning that degree of care that would be used by any individual of ordinary prudence under the same or similar circumstances. Defendant Tye breached that duty in one or more of the following, non-exclusive ways:

        a.      In failing to operate his vehicle in obedience to traffic laws and regulations;

        b.      In failing to operate his vehicle in a reasonable and prudent manner for the road, load, and weather conditions;

        c.      In failing to maintain a proper lookout;

        d.      In failing to pay attention to the conditions of the road and/or traffic;

        e.      In failing to operate the vehicle in a non-negligent manner; and

        f.      In driving the vehicle in willful or wanton disregard for the safety of persons, in violation of TEX. TRANS. CODE § 545.401.

5.2    Such negligence, either singularly or in combination, proximately caused the injuries and damages to Plaintiff.

        B.      <u>GROSS NEGLIGENCE</u>

5.3    Defendant Tye's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of Plaintiff and the general public. The nature of Defendant Tye's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendant Tye undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others on the roadway to life threatening hazards. When viewed objectively from the standpoint of Defendant Tye at the time of their occurrence, said acts and omissions involved an extreme degree of physical risk and

danger, considering the probability and the magnitude of the potential harm to others. Defendant Tye committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VI.    CAUSES OF ACTION AGAINST TSI

### A.    RESPONDEAT SUPERIOR

6.1    Plaintiff affirmatively pleads that any alleged acts or negligence of Defendant Tye were committed while he was acting in the course and scope of his employment with Defendant TSI while he was on a mission on behalf of Defendant TSI and are thus imputed to Defendant TSI under a legal theory of Respondeat superior.

### B.    NEGLIGENT HIRING

6.2    Plaintiff further pleads that Defendant TSI owed Plaintiff a legal duty to protect Plaintiff from Defendant Tye's negligent driving. The Plaintiff's injuries and damages were proximately caused by Defendant TSI's breach of said duty. In particular, Defendant TSI was negligent by hiring an incompetent, unfit, or reckless driver whom they knew, or by the exercise of reasonable case should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

### C.    NEGLIGENT RETENTION

6.3    Plaintiff further pleads that Defendant TSI negligently retained Defendant Tye as an employee. Defendant TSI owed Plaintiff a legal duty to protect Plaintiff from their employee's negligent operation of its vehicle. Plaintiff's injuries and damages were proximately caused by TSI's breach of said duty. In particular TSI was negligent in retaining their employee, Tye, an incompetent, unfit or reckless driver whom they knew, or by the exercise of reasonable care should

have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

    D.    <u>NEGLIGENT ENTRUSTMENT</u>

6.4    Plaintiff further pleads that Defendant TSI negligently entrusted a vehicle to Defendant Tye. Defendant TSI owned and/or operated the vehicle involved in the incident and consented to and permitted Defendant Tye to operate the vehicle at the time of the subject collision TSI's employee, Tye, was an incompetent and/or reckless driver. Defendant TSI's employee, Tye, was negligent on the occasion in question in a manner that was reasonably foreseeable by TSI and his negligence proximately caused Plaintiff's injuries and damages.

    E.    <u>GROSS NEGLIGENCE</u>

6.5    Plaintiff alleges that all acts, conduct and omissions on the part of Defendant TSI, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff's injuries and damages. Defendant TSI's acts and/or omissions, when viewed objectively from TSI's standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant TSI had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

## VII.    DAMAGES

7.1    As a result of Defendant TSI's actions and/or inactions, Plaintiff brings this lawsuit for the following damages:

    a.    Past and future and physical pain and suffering;

      b.      Past and future mental anguish;

      c.      Past and future medical expenses;

      d.      Past and future lost wages and loss of earning capacity;

      e.      Disfigurement;

      f.      Court costs;

      g.      Exemplary damages; and

      h.      Any and all other damages, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

7.2    Plaintiff also seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, actual damages, and all other relief, both at law and in equity, to which Plaintiff may be entitled.

## VIII. PRESERVATION OF EVIDENCE

8.1    Plaintiff hereby requests and demand that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items, including but not limited any other items previously requested and demanded to be preserved before the subject lawsuit ensued, will constitute a "spoliation" of the evidence and may subject Defendants to sanctions.

## IX. REQUEST FOR INSPECTION

9.1     Plaintiff also pray that this Court issue an Order permitting the Plaintiff's attorney and investigative staff, including but not limited to, consulting experts, to have access to the subject vehicle to inspect, and photograph. Such access for the purpose of inspection and photographing is essential in order for Plaintiff to prepare his case and to see that justice is done.

## X. TRCP 193.7

10.1     Pursuant to Texas Rule of Civil Procedure 193.7, Defendant TSI is hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless they make valid objections to authenticity pursuant to this rule.

## XI. PREJUDGMENT INTEREST

11.1     Plaintiff seek prejudgment interest pursuant to § 304.102 of the TEXAS FINANCE CODE.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Plaintiff recovers damages from Defendant TSI in accordance with the evidence; that Plaintiff recover costs of the court herein expended; that Plaintiff recovers interest to which Plaintiff are justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recover actual damages; that Plaintiff are entitled to recover compensatory damages; that Plaintiff recover punitive damages; and for such other further relief, both general and specific, both in law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

MARCO BASS LAW PLLC
1313 Guadalupe Street, Ste. 204
San Antonio, Texas 78207
Tel: (210) 600-0000

*/s/ Marco Bass*

Marco Bass   |   TBN 24106631
Marco@MarcoBass.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was served pursuant to the *Texas Rules of Civil Procedure* on this August 18, 2023, to the following:

| | |
|---|---|
| Henry B. Gonzalez | [   ] Regular First-Class Mail |
| LAW OFFICES OF SABRINA R. KARELS | [   ] Facsimile Transmission |
| GONZALEZ CHISCANO ANGULO & KASSON, Suite 401 | [   ] CMRRR |
| San Antonio, TX 78216 | [   ] Hand-Delivery |
| Tel: (210) 569-8489 | [ X ] E-Mail/E-File Transmission |
| *Attorney for Defendants* | |

_____
Marco Bass